IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**WILSON L. CLOW JR, and**                                 Civil No. 10-3093-CL
**LYNNE A. CLOW,**

                                                           **ORDER AND REPORT AND**
                    Plaintiffs,                            **RECOMMENDATION**

v.

**BANK OF AMERICA, BAC**
**(BANK OF AMERICA CORPORATION),**

                    Defendants.

CLARKE, Magistrate Judge:

        Plaintiffs Wilson L. Clow, Jr. and Lynne A. Clow, who are proceeding pro se,

filed a complaint in state court "for Declaratory Judgment for Verification of Debt." The

action was removed to this court by defendant Bank of America National Association.

This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332. Following oral

argument on defendant's motion to dismiss (#5) and prior to a decision on the motion by

this court, the parties agreed that plaintiffs would file an amended complaint. Plaintiffs

filed an amended complaint "for Declaratory Judgment and Damages," adding defendant

Order and Report and Recommendation - Page 1

BAC (Bank of America Corporation). Defendants[1] have filed a motion to dismiss (#27) plaintiffs' claims pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim. Defendants also seek to dismiss pursuant to Federal Rules of Civil Procedure 8(a). Plaintiffs oppose defendants' motion. For the reasons explained, defendants' motion should be granted.

## **LEGAL STANDARDS**

In considering whether a complaint states a claim for relief under Rule 12(b)(6), the factual allegations, taken as true, must be sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555.

In considering a motion to dismiss, the court accepts the complaint allegations of material fact as true and construes these allegations in favor of the non-moving party. N.

---

[1] Defendants state in their motion they are filing their motion to dismiss on behalf of Bank of America, National Association, "BAC (whatever entity that designation is intended to signify)," and Bank of America Corporation. (Defs. Mot. to Dismiss at 1-2 & n. 1.)

Cnty. Cmty. Alliance, Inc. v. Salazar, 573 F.3d 738, 741-42 (9th Cir. 2009), cert. denied,

___ U.S. ___, 130 S. Ct. 2095 (2010). The court may also consider any document whose

authenticity is not questioned which are attached to or incorporated by reference into the

complaint. Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010). Any

allegations in the complaint which contradict these documents need not be accepted as

true by the court. Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008).

Neither Iqbal nor Twombly altered the court's treatment of pro se pleadings.

Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010). Complaint allegations of pro se

plaintiffs are held to less stringent standards than formal pleadings drafted by lawyers,

Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Erickson v. Pardus, 551 U.S. 89, 94

(2007) (per curiam), and complaints by pro se plaintiffs are liberally construed, Karim-

Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). A pro se litigant

should be given leave to amend his complaint unless it is absolutely clear that no

amendment could cure the deficiencies of the complaint. Lopez v. Smith, 203 F.3d 1122,

1130-31 (9th Cir. 2000) (en banc); Barrett v. Belleque, 544 F.3d 1060, 1061-62 (9th Cir.

2008) (per curiam).

Federal Rules of Civil Procedure 8(a) requires that a complaint set forth a short

and plain statement of the grounds for the court's jurisdiction, a short and plain statement

of the claim, and a demand for judgment for the relief plaintiff seeks. It does not require

extensive or technically precise pleadings, but does require the presentation of factual

allegations with sufficient clarity and certainty to enable defendant to determine the basis

of plaintiff's claim and to formulate a responsive pleading. Edwards v. N. Am. Rockwell

Order and Report and Recommendation - Page 3

Corp., 291 F. Supp. 199, 211 (C.D. Cal. 1968).  The purpose of the rule is to give

defendant fair notice of what plaintiff's claim is and the grounds upon which it rests.

Velasquez v. Senko, 643 F. Supp. 1172 (N.D. Cal. 1986).

## DISCUSSION

Plaintiffs' amended complaint is difficult to comprehend.  Plaintiffs include

citations to various state and federal cases around the country interspersed within what,

for the most part, are conclusory allegations.  Defendants move to dismiss on several

grounds.  Plaintiffs respond that defendants' argument concerning MERS (Mortgage

Electronic Registration Systems, Inc.) addresses an issue they "never raised as a party or

issue."  (Pls. Resp. at 2.)  As the Court understands plaintiffs' response, they argue they

have alleged claims for breach of contract arising from defendants not crediting payments

received and payment in full, and in not recording interests in the loan to beneficiaries, in

violation of the promissory note and deed of trust section 23.  As to their request for

declaratory relief, plaintiffs assert the only declaratory judgment they will seek is that

Oregon statutory requirements must be adhered to if the bank commences nonjudicial

foreclosure.

As an initial matter, the court takes judicial notice of the deed of trust recorded in

Josephine County official records (Colletta Decl. & Ex. 1), which are matters of public

record.  Fed. R. Evid. 201(b)(c); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th

Cir. 1986).  Plaintiffs agree to notice of the deed of trust and references it in their

response.  See Fed. R. Evid. 201(e).

Order and Report and Recommendation - Page 4

## Breach of Contract Claims

In <u>Fleming v. Kids & Kin Head Start</u>, 71 Or. App. 718, 721 (1985), the Oregon Court of Appeals considered the sufficiency of a complaint asserting a breach of contract claim. The court held the complaint, which set out "the existence of a contract, its relevant terms, plaintiff's full performance and lack of breach and defendant's breach resulting in damage to plaintiff," was sufficient and stated a "straightforward" claim under contract law principles. <u>See</u> <u>Slover v. Or. State Bd. of Clinical Soc. Workers</u>, 144 Or. App. 565, 570-71 (1996).

Here, while plaintiffs allege in their complaint and make statements in their response that the mortgage loan has been paid in full, they acknowledge in their response that "despite being over three years behind on payments Bank of America the Servicer has not foreclosed or attempted to foreclose" on their property. (Pls. Resp. at 3.) Clearly, plaintiffs cannot allege the requisite element they have fully performed and are not in breach of contract so as to state a claim for any breach of contract.

To the extent that plaintiffs allege any breach of contract claim, such claims should be dismissed. Because plaintiffs cannot allege an essential element of a breach of contract claim, the dismissal should be with prejudice as to these claims.

## Declaratory Relief

The court's power to grant declaratory relief is limited to "a case of actual controversy." 28 U.S.C. § 2201; <u>Md. Cas. Co. v. Pac. Coal & Oil Co.</u>, 312 U.S. 270, 272-73 (1941); <u>Principal Life Ins. Co. v. Robinson</u>, 394 F.3d 665, 669 (9th Cir. 2005).

Order and Report and Recommendation - Page 5

"[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." <u>Md. Cas. Co.</u>, 312 U.S. at 273.

Plaintiffs state in their response they will limit their request for declaratory relief and seek a declaratory judgment that "ORS 86.735(1) must be adhered to *if* the bank tries to non-judicially foreclose."[2] (Pls. Resp. at 4 (emphasis added).) Elsewhere in their response, plaintiffs acknowledge that no foreclosure proceeding against the property has occurred, nonjudicial or otherwise. Thus, there is no actual controversy between plaintiffs and defendants which requires any declaration by the court.

Because there is no actual controversy between plaintiffs and defendants on the allegations and arguments advanced by plaintiffs in response to defendants' motion to dismiss, plaintiffs' request for declaratory judgment as they propose should be dismissed with prejudice.

## **Other Claims**

Plaintiffs state they withdraw their TILA (Truth in Lending Act), RESPA (Real Estate Settlement Procedures Act), and FDCPA (Fair Debt Collection Practices Act)

---

[2] ORS 86.735(1) relating to foreclosure of trust deed by advertisement and sale provides that the trustee may foreclose a trust deed by advertisement and sale as provided by statute "if (1) the trust deed, any assignments of the trust deed by the trustee or the beneficiary and any appointment of a successor trustee are recorded in the mortgage records in the counties in which the property described in the deed is situated. . . ."

Order and Report and Recommendation - Page 6

claims. To the extent any such claims are alleged in the amended complaint, these claims should be dismissed.

**Conclusion**

Plaintiffs state in their response to defendants' motion to dismiss that they have made clear their claims against defendants alleged in the amended complaint. However, the claims they assert they have alleged fail to state any claim against defendants. Plaintiffs offer nothing to show that amendment would cure the deficiencies. This action should be dismissed.

## ORDER

Defendants' request for judicial notice (#30) is granted in part, as stated.

## RECOMMENDATION

Based on the foregoing, it is recommended that defendants' motion to dismiss plaintiff's amended complaint (#27) be granted, this case be dismissed, and judgment be entered accordingly.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.* Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.

//

//

Order and Report and Recommendation - Page 7

The Report and Recommendation will be referred to a district judge. *Objections to this Report and Recommendation, if any, are due by January 6, 2012. If objections are filed, any response to the objections are due by January 23, 2012, see Federal Rules of Civil Procedure 72 and 6.*

Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this _____ day of December, 2011.

MARK D. CLARKE
UNITED STATES MAGISTRATE JUDGE

Order and Report and Recommendation - Page 8